IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JEREMIAH N.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-10**       (Fam. Ct. Jackson Cnty. Case No. FC-18-2023-D-95)

**BRIANA C.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

 Petitioner Jeremiah N.[1] ("Father") appeals the Family Court of Jackson County's December 11, 2024, final custody allocation order that granted him less than 50-50 parenting time. Respondent Briana C. ("Mother") and the guardian ad litem ("GAL") responded in support of the family court's decision.[2] Father did not file a reply.

 This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

 By way of background, Father and Mother were never married but share two children, born in 2016 and 2021. This action began when Father filed a petition for the allocation of custody on June 22, 2023, wherein he alleged that Mother engaged in acts of domestic violence, interfered with his access to the children, and made false accusations of domestic violence against him. On August 17, 2023, Mother filed an answer denying the allegations.

 The first hearing was held on September 12, 2023. From that hearing, the family court entered the parties' agreed temporary order on September 14, 2024, designating Mother as the primary residential parent and granting Father parenting time on the first, third, and fourth Saturday and Sunday of each month from 10:00 a.m. to 6:00 p.m. The

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is self-represented. Mother is represented by Paul A. Knisley, Esq., Shaw & Shaw, L.C. The GAL is Joshua W. Downey, Esq., Titus Law, PLLC.

court also granted Father phone contact on Tuesday evenings, ordered the parties to communicate via AppClose, and appointed a guardian ad litem ("GAL") for the children. On September 18, 2023, Mother filed a counter-petition wherein she argued that Father had committed acts of domestic violence and used illegal drugs.

On December 20, 2023, the GAL issued a preliminary report, recommending that Father's parenting time be extended from Fridays at 6:00 p.m. to Sundays at 6:00 p.m. on his designated weekends. A hearing was held on January 2, 2024, and the family court entered an order adopting the GAL's recommendations.

On or about March 26, 2024, the GAL filed a supplemental report recommending the following: (1) Mother be designated as the primary residential parent; (2) Father continue to have his three previously recommended visits per month; (3) Mother and Father have shared decision-making authority; (4) that the parties follow the court's default holiday schedule; (5) custody exchanges should continue to take place at the Ravenswood Police Department; (6) Father continue to have phone calls on Tuesday evenings; and (7) the younger child be tested for developmental delays. A hearing was held on March 27, 2024, which resulted in another agreed order being entered on April 2, 2024, adopting the GAL's recommendations.

The final hearing was held on July 15, 2024. The family court entered its final order on December 11, 2024, designating Mother as the primary residential parent and granting Father parenting time three weekends per month and allowing Father phone calls with the children on Tuesday evenings. It is from the December 11, 2024, order that Father now appeals.

For these matters, we use the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father fails to raise any assignments of error. Instead, his brief consists of statements relating to his displeasure with the proceedings below, coupled with new

evidence that he failed to present during the family court proceedings.[3] Father also failed to cite any statutory authority or precedent to support his arguments as required by Rule 10(c)(7) of our Rules of Appellate Procedure, which provides as follows:

> [t]he brief must contain an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on ... The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Intermediate Court and the Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Therefore, solely due to the fatal shortcomings of Father's brief and the appellate record, we decline to further consider Father's appeal and decline to disturb the family court's order.

Accordingly, we affirm the family court's December 11, 2024, order.

Affirmed.

**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[3] This decision does not preclude Father from filing a petition for modification in the future. *See* W. Va. Code § 48-9-401 (2022).